UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────X

DAWN G. STROUD, individually and in her
professional capacity as Clerk of Court;
LENOIR COUNTY CLERK OFFICE;
STATE OF NORTH CAROLINA MUNICIPAL
CORPORATION; and TRP AR BARRETT
STATE HIGHWAY PATROL, and all agents,

                                 **ORDER**
                        21-CV-4494 (RPK) (RER)

                        Plaintiffs,

            - against -

JAMEL ALI-BEY, Propria persona sui juris
ex rel Jamel Divine Ali d/b/a JCI Family Trust,

                        Defendant.
───────────────────────────────────X

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Jamel Ali-Bey has filed a notice of removal and seeks to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). Because plaintiff has not established that he is unable to pay the filing fee, his request to proceed IFP is denied. Plaintiff is granted 30 days from the date of this order to file an amended application or pay the filing fee.

## DISCUSSION

    The federal *in forma pauperis* statute allows indigent litigants to file lawsuits without prepaying the filing fees. The statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). A litigant qualifies to proceed IFP if he "cannot because of

1

his poverty pay or give security for" the costs of filing "and still be able to provide himself and his dependents with the necessities of life." *Adkins*, 335 U.S. at 339.

A court may dismiss a case that has been filed IFP if the court determines that the plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts in this district often apply that provision when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. *See, e.g.*, *Chowdhury v. Sadovnik*, 2017 WL 4083157, at *2 (E.D.N.Y. Sept. 14, 2017); *Pinede v. N.Y.C. Dep't of Envt'l Prot.*, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013); *DiGianni v. Pearson Educ.*, 2010 WL 1741373, at *2 (E.D.N.Y. Apr. 30, 2010).

In this case, plaintiff's financial declaration does not establish that he is unable to pay the filing fee. *See* IFP Mot. (Dkt. #2). Plaintiff submitted a form application to proceed IFP, but struck through questions about his gross pay, take-home pay, and other income. *See id.* at 1. Plaintiff asserts that he is "unable to pay any fee," and that he is "under economic distress," but has included no specific information about his financial status. *Id.* at 1-2.

Plaintiff also suggests that he cannot pay the filing fee because he does not own any gold or silver coins. In contending that he cannot pay the fee on this basis, plaintiff misquotes Article 1, Section 10 of the United States Constitution as stating, "All debts shall be payable in gold or silver coin." *See id.* at 3. In fact, the relevant clause provides, "[n]o State shall . . . coin money . . . [or] make any Thing but gold and silver Coin a Tender in Payment of Debts." U.S. Const. art. I, § 10, cl. 1. This provision "restrict[s] the ability of the several States to issue legal tender." *Bey v. Knight*, No. 15-CV-5228, 2015 WL 7734099, at *1 (E.D.N.Y. Nov. 30, 2015) (citing *Ogden v. Saunders*, 25 U.S. 213, 248 (1827)). It "is not relevant in the context of bringing a private lawsuit in federal court, to a plaintiff's obligation to either pay the filing fee or demonstrate his qualification to proceed IFP." *Ibid.*; *see Hope Bey v. DeBlasio*, No. 17-CV-2836, 2017 WL 64

2

17318, at *2 (E.D.N.Y. Sept. 25, 2017). Absent information about plaintiff's income, expenses, or other financial obligations, plaintiff's application is insufficient to show that he is entitled to proceed IFP.

## CONCLUSION

Plaintiff's application for IFP status is denied without prejudice to renewal. If plaintiff wishes to proceed, he must either pay the $402 filing fee to the Clerk of Court of the Eastern District of New York or submit an amended IFP application that establishes that he qualifies to proceed IFP. If plaintiff fails to comply with this order within 30 days, this action will be dismissed without prejudice.

I certify under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order and an IFP application form to plaintiff and note service on the docket.

SO ORDERED.

                                                           */s/ Rachel Kovner*
                                                           RACHEL P. KOVNER
                                                           United States District Judge

Dated: Brooklyn, New York
         August 13, 2021